# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY ALTAMIRANO SERMENO,<br><br>Plaintiff,<br><br>v.<br><br>MONTERY COUNTY SUPERIOR COURT, et al.,<br><br>Defendants. | Case No. 1:17-cv-00036-JLT (PC)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(Doc. 1)**<br><br>**30 DAY DEADLINE** |

Plaintiff filed this action on the form for a *habeas corpus* action under 28 U.S.C. § 2254, but he complains that the conditions of his confinement (exposure to Valley Fever) violate the Eighth Amendment as well as the terms of his plea. It is unclear whether Plaintiff seeks to pursue this as a second/successive *habeas* petition,[1] or as a claim under 42 U.S.C. § 1983. Because there is no showing he has received permission to file a successive petition, the Court presume he intends to seek relief under 42 U.S.C. § 1983.

I.  **Successive Habeas Petition**

A federal court must dismiss a second or successive petition that raises the same grounds

---

[1] The Court may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts. Fed.Rules Evid.Rule 201, 28 U.S.C.A.; *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (2012). The Court takes judicial notice that Plaintiff has two habeas petitions currently pending in this court, *Sermeno v. Lewis et al.*, 1:16-cv-01582-LJO-BAM, filed 10/20/16 and *Sermeno v. Irmer et al.*, 1:16-cv-01583-AWI-SKO, filed 10/20/16.

1

as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements.

Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. *See Felker v. Turpin*, 518 U.S. 651, 656-657 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. *Burton v. Stewart*, 549 U.S. 147, 152 (2007); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001).

Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current petition. *Lindh v. Murphy*, 521 U.S. 320, 327 (1997). Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition attacking the terms of the plea underlying his conviction. If he choose to pursue this action under the Court's habeas jurisdiction, he is advised that he must first obtain permission to do so from the Ninth Circuit Court of Appeals.

**II.    Claims under 42 U.S.C. § 1983**

    **A.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

2

frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). If an action is dismissed on one of these three basis, a strike is imposed per 28 U.S.C. § 1915(g). An inmate who has had three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, and has not alleged imminent danger of serious physical injury does not qualify to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(g); *Richey v. Dahne*, 807 F.3d 1201, 1208 (9th Cir. 2015).

### B. Pleading Requirements

#### 1. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal.* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit*

*Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

If he chooses to file a first amended complaint, Plaintiff should endeavor to make it as concise as possible. He should merely state which of his constitutional rights he feels were violated by each Defendant and its factual basis.

### 2.     Linkage Requirement

The Civil Rights Act requires there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff must clearly state which defendant he feels is responsible for each violation of his constitutional rights and the factual basis for the claim in order to put each defendant on notice of the claims. *See Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004).

### 3.     Exhibits

Plaintiff has attached 106 pages of exhibits to the form petition/complaint. The Court is not a repository for the parties' evidence. Originals, or copies of evidence (i.e., prison or medical records, witness affidavits, etc.) need not be submitted until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the Court). If Plaintiff attaches exhibits to his amended complaint, each exhibit

4

must be specifically referenced. Fed. R. Civ. Pro. 10(c). For example, Plaintiff must state "see Exhibit A" or something similar in order to direct the Court to the specific exhibit Plaintiff is referencing. Further, if the exhibit consists of more than one page, Plaintiff must reference the specific page of the exhibit (i.e. "See Exhibit A, page 3").

At this point, the submission of evidence is premature as Plaintiff is only required to state a prima facie claim for relief. Plaintiff is reminded that, for screening purposes, the Court must assume that Plaintiff's factual allegations are true. It is unnecessary for a plaintiff to submit exhibits in support of the allegations in a complaint. Thus, if Plaintiff chooses to file a first amended complaint, he should simply state the facts upon which he alleges a Defendant has violated his constitutional rights and refrain from submitting exhibits.

**D.** **Claims for Relief**

**1.** **Eighth Amendment**

**a. Conditions of Confinement**

In the context of conditions of confinement, "Prison officials violate the Eighth Amendment if they are "deliberate[ly] indifferen[t] to [a prisoner's] serious medical needs." *Peralta v. Dillard*, 744 F.3d 1076, 1081 (9th Cir. 2014) citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). This standard contains both an objective and subjective element. *See Helling v. McKinney*, 509 U.S. 25, 35-36 (1993) (discussing objective and subjective elements of Eighth Amendment Claim). In the context of exposure to disease, the objective element asks whether prison officials have exposed the prisoner to a serious medical risk of disease. To determine whether the medical risk to which Plaintiff is exposed is serious, the court considers whether the "risk the prisoner complains of [is] so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complaints is not one that today's society chooses to tolerate." *Id*. at 36 (italics in original).

The subjective element of an Eighth Amendment Violation asks whether the prison official acted with "deliberate indifference" in denying medical care or exposing the prisoner to

the risk of disease.  For conduct to qualify as "deliberately indifferent" in the context of conditions of confinement, the conduct must be shown to be "wanton." "[T]he constraints facing the *official*" must be considered when determining whether conduct is wanton.  *Wilson v. Seiter*, 501 U.S. 294, 303 (1991).  A deprivation of a treatment or the exposure to a hazard may be wanton only if it was within the official's ability at the time to avoid the exposure to risk or deprivation of care.  "Wantonness consist[s] of 'acting sadistically and maliciously for the purpose of causing harm." *Id*., quoting *Whitley v. Albers*, 475 U.S. 312, 321-322 (1986).

      As to the objective component, Plaintiff alleges no facts to indicate that the risk of exposure to the spores of Coccidioidies immitis spores at SATF is any higher than in the surrounding community.  An individual who lives anywhere in the southern San Joaquin Valley, runs a risk of exposure to Coccidioides immitis spores.  Unless there is something about a prisoner's conditions of confinement that raise the risk of exposure substantially above the risk experienced by the surrounding community, it cannot be said that the prisoner is forcibly and knowingly exposed to a risk the society would not tolerate to meet the objective component of a claim under the Eight Amendment.  *See Hines v. Youssef*, No. 1:13-cv-00357-AWI-JLT, 2015 WL 164215, at *4 (E.D.Cal. Jan. 13, 2015) (rejecting African-American asthmatic prisoner's Eighth Amendment claim arising from exposure to and contraction of Valley Fever); *accord Williams v. Biter*, No. 1:14 cv 02076 AWI GSA PC 2015 WL 1830770, at *3 (E.D.Cal. Apr. 9, 2015); *contra Beagle v. Schwarzenegger*, No. 1:14-cv-430-LJO-SAB, 2014 U.S. Dist. LEXIS 107548 (E.D.Cal. Jul. 25, 2014).

      Plaintiff also fails to state allegations to meet the subjective component of an Eighth Amendment claim.  Plaintiff has not shown (and in all likelihood is unable to do so) that the proposed new Defendants acted *wantonly* in formulating the policies and procedures which resulted in Plaintiff's placement at SATF.  As noted above, eight of the State of California's correctional facilities -- and therefore a substantial proportion of its inmate population -- are located in the southern San Joaquin Valley.  If Plaintiff's allegations, (which are wholly based on his placement at SATF) were cognizable, the State of California would not be able to house any inmates at the eight facilities located in the endemic area.

Further, to meet a the initial pleading burden the plaintiff must state allegations showing "the particular features of that institution that resulted in dangerous conditions, or the practices or procedures within the CDSH-C that may have resulted in increased risk." *Smith v. State of California*, 2016 WL 398766, *2 (2016). "[T]he mere allegation that Plaintiff was confined in a community that happens to be in an endemic area for Valley Fever is not sufficient to show that he was, in fact, exposed to an increased risk or that the individuals responsible for his placement or housing there would have known or had reason to know that Plaintiff was being exposed to a heightened danger of disease." *Id.*

### 2. State Law Claims

Plaintiff alleges that the plea deal he entered was in effect a contract, and that by placing him in a facility endemic to Valley Fever, the state has breached their end of the contract by placing him in a situation which is tantamount to a death sentence, or violation of his federal constitutional rights -- which Plaintiff did not agree to. (*See* Doc. 1, p. 17.) Plaintiff states that, if he had known that being exposed to a deadly disease such as Valley Fever was part of the contract, he would have proceeded to trial instead of taking the plea deal. (*Id.*, p. 19.)

To the extent that Plaintiff may intend to pursue a breach of contract action under these allegations, he is instructed that, under the California Tort Claims Act ("CTCA"), set forth in California Government Code sections 810 et seq., a plaintiff may not bring a suit for monetary damages against a public employee or entity unless the plaintiff first presented the claim to the California Victim Compensation and Government Claims Board ("VCGCB" or "Board"), and the Board acted on the claim, or the time for doing so expired. "The Tort Claims Act requires that any civil complaint for money or damages first be presented to and rejected by the pertinent public entity." *Munoz v. California*, 33 Cal.App.4th 1767, 1776, 39 Cal.Rptr.2d 860 (1995). The purpose of this requirement is "to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation." *City of San Jose v. Superior Court*, 12 Cal.3d 447, 455, 115 Cal.Rptr. 797, 525 P.2d 701 (1974) (citations omitted). Compliance with this "claim presentation requirement" constitutes an element of a cause of action for damages against a public entity or official. *State v. Superior*

*Court (Bodde)*, 32 Cal.4th 1234, 1244, 13 Cal.Rptr.3d 534, 90 P.3d 116 (2004).  Thus, in the state courts, "failure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action."  *Id*. at 1239, 13 Cal.Rptr.3d 534, 90 P.3d 116 (fn.omitted).

Federal courts likewise must require compliance with the CTCA for pendant state law claims that seek damages against state public employees or entities.  *Willis v. Reddin*, 418 F.2d 702, 704 (9th Cir.1969); *Mangold v. California Public Utilities Commission*, 67 F.3d 1470, 1477 (9th Cir.1995).  State tort claims included in a federal action, filed pursuant to 42 U.S.C. § 1983, may proceed only if the claims were first presented to the state in compliance with the claim presentation requirement.  *Karim–Panahi v. Los Angeles Police Department*, 839 F.2d 621, 627 (9th Cir.1988); *Butler v. Los Angeles County*, 617 F.Supp.2d 994, 1001 (C.D.Cal.2008).

Plaintiff fails to state any allegations which show he complied with the CTCA upon which to be allowed to pursue claims for violation of California law in this action.

### 3.  *Heck v. Humphrey*

Plaintiff seeks his immediate release.  (Doc. 1, p. 26.)  However, when a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of *habeas corpus*.  *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991).  Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994).  "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983."  *Id.* at 488.

///

## II.  **CONCLUSION**

For the reasons set forth above, Plaintiff's Complaint is dismissed with leave to file a first

amended complaint, or notice of voluntary dismissal within **30 days**. If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later than **30 days** from the date of service of this order.

If Plaintiff decides to pursue claims under section 1983, he must demonstrate in any first amended complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980). The first amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's first amended complaint should be brief. Fed. R. Civ. P. 8(a). Such a short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. 127, 555 (2007) (citations omitted).

Plaintiff is further advised that an amended complaint supercedes the original, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

The Court provides Plaintiff with opportunity to amend to cure the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Based on the foregoing, the Court **ORDERS**:

1. Plaintiff's Complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **30 days** from the date of service of this order, Plaintiff must file a first

9

amended complaint curing the deficiencies identified by the Court in this order or a notice of voluntary dismissal; and

4.  **If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order and for failure to state a claim**.

IT IS SO ORDERED.

Dated:   **January 12, 2017**                    /s/ Jennifer L. Thurston
                                                UNITED STATES MAGISTRATE JUDGE