# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY ALTAMIRANO SERMENO,<br><br>Plaintiff,<br><br>v.<br><br>MONTEREY COUNTY SUPERIOR COURT, et. al.,<br><br>Defendants. | Case No. 1:17-cv-00036-AWI-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR STAY OF STATE COURT SENTENCE AND TO DENY INJUNCTIVE RELIEF**<br><br>**(Doc. 9)**<br><br>**30-DAY DEADLINE** |

Plaintiff filed a motion seeking a stay of his state court sentence and injunctive relief for access to writing supplies, research materials, and law library access. (Doc. 9.)

As an initial matter and as stated in the screening order the Court issued on January 12, 2017, Plaintiff has not stated a cognizable claim upon which relief may be granted. (Doc. 13.) Thus, there is no actual case or controversy before the Court at this time and Court lacks the jurisdiction to issue the order sought by Plaintiff. *Summers v. Earth Island Institute*, 129 S.Ct. 1142, 1149 (2009); *Stormans, Inc. v. Selecky,* 586 F.3d 1109, 1119 (9th Cir. 2009); 18 U.S.C. § 3626(a)(1)(A). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.* Further, requests for prospective relief are limited by 18 U.S.C. § 3626 (a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court ensure the relief "is narrowly drawn, extends no further than necessary to correct the violation of the

1

Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right." Though Plaintiff's claims in this action appear based on exposure to Valley Fever, the injunctive relief he seeks relates to his efforts to pursue other legal actions. Relief for Plaintiff cannot be narrowly drawn here as Plaintiff seeks relief that is unrelated to the violations of his rights he asserts in this action.

The issue is not that Plaintiff's allegations are not serious, or that Plaintiff is not entitled to relief if sought in the proper forum. The seriousness of Plaintiff's accusations concerning his access to writing supplies and the law library cannot and do not overcome the *jurisdictional* bar. *Steel Co.*, 523 U.S. at 103-04 ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.") This action is simply not the proper vehicle for the injunctive relief Plaintiff seeks.[1]

Likewise, as to his request for the Court to stay his current sentence, the United States Supreme Court has determined that an inmate may not bring an action under § 1983 if success in the action would release the claimant from confinement or shorten its duration, *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973), or would necessarily imply the invalidity of the conviction or sentence, *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Where the plaintiff's success on a § 1983 action would necessarily imply the invalidity of his underlying conviction or sentence, he must first "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck* at 487-88. "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 488. Plaintiff has not shown that the sentence he challenges has been reversed, expunged, or invalidated.

Likewise, this Court cannot enjoin sentencing in pending state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971) (reaffirming the long-standing principle that federal

---

[1] Plaintiff's motion also fails to make the requisite showing, supported by admissible evidence, to obtain a preliminary injunction. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20-4 (2008). However, it is unnecessary to reach the merits of Plaintiff's motions in light of the fact that the jurisdictional issue is fatal to his requests for relief. *Summers*, 555 U.S. at 493; *Mayfield*, 599 F.3d at 969.

2

courts sitting in equity cannot, absent exceptional circumstances, enjoin pending state criminal proceedings). "*Younger* abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." *San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008) citing *Steffel v. Thompson*, 415 U.S. 452, 460-73, 94 S.Ct. 1209 (1974) (explaining the history and purposes of the doctrine); *Younger*, 401 U.S. at 43-49 (discussing the jurisprudential background of abstention); *Gilbertson v. Albright*, 381 F.3d 965, 970–75 (9th Cir.2004) (en banc) (tracing the Supreme Court's application of the doctrine).

Federal courts "must abstain under *Younger* if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves." *Id.* citing *Gilbertson*, 381 F.3d at 978; *AmerisourceBergen Corp. v. Roden ("ABC ")*, 495 F.3d 1143, 1149 (9th Cir.2007); *see also Green v. City of Tucson*, 255 F.3d 1086, 1093 (9th Cir.2001) (en banc) ("[I]n addressing *Younger* abstention issues, district courts must exercise jurisdiction except when specific legal standards are met, and may not exercise jurisdiction when those standards are met; there is no discretion vested in the district courts to do otherwise."), overruled in other part by *Gilbertson*, 381 F.3d 965. "An exception to that general rule exists if there is a 'showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.' " *Id.*, quoting *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982). Plaintiff makes no showing of any exception, nor relation of the sentencing he requests be stayed to the claims he has attempted to state in this action.

Accordingly, the Court **RECOMMENDS** that Plaintiff's to stay sentencing and for injunctive relief, filed on September 21, 2016, (Doc. 9), should be **DENIED**.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 30 days** after being served with these Findings and Recommendations, the parties may file written

objections with the Court.  Local Rule 304(b).  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

    Dated:   **May 25, 2017**                          **/s/ Jennifer L. Thurston**
                                                                       UNITED STATES MAGISTRATE JUDGE